# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **PATRICIA G. OLIVER,** </br></br> Plaintiff, </br> v. </br></br> **VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE and TAMARAH PARSON-SMALLS,** </br></br> Defendants. | Civil Action No. 2016-0031 |

**Appearances:**
**Patricia G. Oliver,** *Pro Se*
St. Croix, U.S.V.I.

**Erika M. Scott, Esq.,**
St. Croix, U.S.V.I.
  *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on a Motion to Dismiss by the Virgin Islands Bureau of Internal Revenue and Tamarah Parson-Smalls in her official capacity (collectively, "Defendants") (Dkt. No. 16), and Plaintiff Patricia G. Oliver's ("Plaintiff") letter in response thereto (Dkt. No. 17). For the following reasons, the Court will deny Defendants' Motion without prejudice.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

By letter dated April 27, 2016, the Virgin Islands Bureau of Internal Revenue ("VIBIR") sent a notice of income tax deficiency (the "Notice") to Plaintiff for the 2011-2013 tax years. (Dkt.

No. 1-1 at 1).[1] Plaintiff responded by bringing this action, asserting that she was denied access to internal remedies specified in 26 U.S.C. § 556. *Id*. at 1 and 3.[2]

On June 3, 2016, Plaintiff issued a summons to the then Director of VIBIR, Marvin L. Pickering, and the Chief Counsel of VIBIR, Tamarah Parson-Smalls. (Dkt. Nos. 9, 10). On December 6, 2016, Magistrate Judge George W. Cannon, Jr. issued an Order to Show Cause directing that by "December 29, 2016, Defendants answer or otherwise plea[d] to the Complaint filed on June 3, 2016." (Dkt. No. 2). Defendants filed their Motion to Dismiss on December 30, 2016—one day after the deadline required by the Order to Show Cause. (Dkt. No. 15).

Defendants move to dismiss the case for improper service of process and insufficient process, pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. (Dkt. No. 16 at 1-2, 5). They assert that service on the Governor of the Virgin Islands is required in a claim against VIBIR, and because Plaintiff failed to effectuate proper process and service of process under Fed. R. Civ. P. 4(j)(2) within the time limit prescribed by Fed. R. Civ. P. 4(m), her complaint is subject to dismissal. (Dkt. No. 16 at 1-2). Plaintiff filed a letter in response to the Motion to Dismiss, referring to Defendants' tardiness in submitting their motion and reiterating that her rights "to use the internal remedies mandated under Federal Law" were denied. (Dkt. No. 17).

## II.   APPLICABLE LEGAL PRINCIPLES

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a district court to dismiss an action for insufficient process and insufficient service of process. Under Rule 12(b)(4), a defendant may attack the substance and form of a summons; whereas, under Rule 12(b)(5), a defendant may

---

[1] The Notice states that Plaintiff owed $1,743.00 for calendar year 2011; $1,770.00 for calendar year 2012; and $2,945.00 for calendar year 2013. (Dkt. No. 1-1 at 1).

[2] Act of Aug. 16, 1954, ch. 736, 68A Stat. 196 (repealed 2004).

attack the manner in which a summons and complaint were, or were not, served. *See White v. Green*, 382 Fed. App'x 199, 202 (3d Cir. 2000). The party responsible for service bears the burden of proving sufficient service of process. *See Sims v. City of Phila*, 552 Fed. App'x 175, 177 (3d Cir. 2014) (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).

Rule 4(j)(2) of the Federal Rules of Civil Procedure provides that a state-created governmental organization subject to suit must be served by "delivering a copy of the summons and of the complaint to its chief executive officer; or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B). Accordingly, when the Government of the Virgin Islands or an agency of the Government of the Virgin Islands, like VIBIR, is a named Defendant, the Governor—as chief executive officer—must be served. *See, e.g., Christopher v. Dir. of Virgin Islands Bureau of Internal Revenue*, 2014 WL 3733774, at *4 (D.V.I. July 29, 2014); *see also United States Dep't of Agric. Rural Hous. Serv. v. Penn.*, 2009 U.S. Dist. LEXIS 30981, at *4-5 (D.V.I. 2009) (finding service on the Virgin Islands Housing Authority improper under Fed. R. Civ. P. 4(j)(2) because there was no proof of service on the Governor).

There is no alternative manner by which to effectuate service on a governmental organization under Virgin Islands law. *See Fulton v. V.I. Bureau of Internal Revenue*, 2014 U.S. Dist. LEXIS 47328, at *3 (D.V.I. 2014). Rule 4(i)(1) of the Virgin Islands Rules of Civil Procedure states that when "[s]erving the Government of the United States Virgin Islands and its Agencies, Public Corporations, Officers, or Employees," the Governor must be served. *See* V.I.R. Civ. P. 4(i)(1), 4(i)(2)(A)(i), and 4(i)(3)(A).

Local Rule of Civil Procedure 71A.1 specifies that the Director of the VIBIR must be the named as the respondent in a proceeding to re-determine income tax liability. LRCi 71A.1(a).

Thus, proper service in an income tax re-determination action requires not only service on the Governor, but also service on the Director of the VIBIR. *See Jarvis v. Gov't of Virgin Islands*, 2009 WL 367727, at *4 (D.V.I. Feb. 12, 2009) (finding that the petitioner had properly served the Governor of the Virgin Islands and the Director of the VIBIR pursuant to Rule 4(j)(2) and LRCi 7A1.1(a)).

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff has 90 days after the complaint or petition is filed within which to effect service. Fed. R. Civ. P. 4(m).[3] In addition to setting forth the 90-day period for service of process, Rule 4(m) states that "if the plaintiff shows good cause for the failure [to timely serve the defendant], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms Corp. v. Teleconcepts Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

Even in the absence of a showing of good cause, a court "may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). In exercising this discretion, a court can look to several factors, including: (1) actual notice of the legal action; (2) prejudice to the defendant; (3) the statute of limitations on the underlying cause of action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factors that may be relevant. *See Chiang v. United States SBA*, 331 F. App'x 113, 116 (3d Cir. 2009). These factors are considered in light of the Third Circuit's "preference that cases be disposed on the merits

---

[3] The 2015 amendment to Fed. R. Civ. P. 4(m) changed the service time period from the 120 days that Defendants cite to 90 days. The amendment went into effect on December 1, 2015—before Plaintiff filed her Complaint on June 3, 2016.

whenever practicable." *Anderson v. Mercer County Sheriff's Dep't*, 2014 U.S. Dist. LEXIS 71776, at *13 (D.N.J. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

### III. DISCUSSION

Plaintiff has brought a case against VIBIR, a state-created governmental organization. (Dkt. No. 1 at 1). Accordingly, pursuant to Fed. R. Civ. P. 4(j)(2) and LRCi 71A.1, Plaintiff is required to serve a copy of the summons and petition on the Governor of the Virgin Islands and the Director of VIBIR. *See Foster v. Virgin Islands Bureau of Internal Revenue*, 2015 WL 1529829, at *4 (D.V.I. Mar. 31, 2015) (stating that proper service in an income tax re-determination case requires service on the Governor of the Virgin Islands and the Director of the VIBIR); *Christopher*, 2014 U.S. Dist. LEXIS 103120, at *7. However, no service of process on the Governor of the Virgin Islands is recorded on the docket, and Plaintiff has not disputed Defendants' contention that no such service was effectuated.[4] Thus, Plaintiff's case suffers from insufficient service of process.[5]

---

[4] The Court is aware that Plaintiff appears in this action *pro se* and may be unfamiliar with the Federal Rules of Civil Procedure. However, *pro se* status does not excuse a litigant from complying with the Federal Rules. *See Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (holding that a *pro se* plaintiff's "ignorance of the rules would not provide good cause to excuse his failure to serve the defendants within the time allotted under the rules"); *Veal*, 84 F. App'x at 256 (3d Cir. 2004) (stating that "failure to read or understand Rule 4 does not excuse [] failure to provide timely service"). This Court directs the Plaintiff to the "Non-Prisoner *Pro Se* Litigant Guide" for guidance when filing a civil action in federal court. *Non-Prisoner Pro Se Litigant Guide*, US Courts, (2015), http://www.vid.uscourts.gov/sites/vid/files/Pro%20Se%20NonPrisoner%20Litigant%20Guide_20150909.pdf ("Rule 4 of the Federal Rules of Civil Procedure explains the steps and the time limit for securing proper service.").

[5] Defendants also argue that because Plaintiff did not issue a summons in the name of the Governor of the Virgin Islands, insufficient process exists. (Dkt. No. 16 at 5). Defendants cite no authority for the proposition that a summons must be issued in the name of the Governor of the Virgin Islands in a proceeding to re-determine income tax liability. The Court notes that Fed. R. Civ. P. 4(j)(2) requires Plaintiff to serve VIBIR by "delivering a copy of the summons and of the complaint to" the Governor of the Virgin Islands. The Rule does not require that the Governor of the Virgin Islands be named in the summons. Additionally, although Defendants claim that Plaintiff did not

While "[t]he Third Circuit has construed Rule 4(m) as requiring a court to extend time for service where the plaintiff demonstrates good cause," *Veal v. United States*, 84 F. App'x 253, 254 (3d Cir. 2004) (citing *McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998)), Plaintiff has not demonstrated good cause. In her opposition letter to the Motion to Dismiss, Plaintiff does not address Defendants' arguments regarding process and service of process nor does she argue that there was good cause to extend the time for service. Instead, she simply states that "[t]he time line for [Defendants'] response was December 29, 2016" and the Motion to Dismiss was filed December 30, 2016, and she "continue[s] to assert that [she has] been denied [her] rights to use the internal remedies mandated under Federal law." (Dkt. No. 17). Therefore, the Court is unaware of any good cause as to why it should extend time for service.

Nonetheless, the Court is authorized, in the absence of good cause, to exercise its discretion to extend the time for service. *Petrucelli*, 46 F.3d at 1305. In exercising this discretion, the Court considers applicable factors such as actual notice of the legal action; prejudice to the defendant; and whether the plaintiff is represented by counsel. *Chiang*, 331 F. App'x at 116. The Court finds that the circumstances presented here weigh in favor of an extension of the period for service of process. Defendants had actual notice of the legal action despite improper service, and therefore would not suffer any prejudice, and Plaintiff is not represented by counsel. *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 244 (3d Cir. 2013) (stating that at times, *pro se* litigants are given "greater leeway").

---

name the Director of VIBIR, (Dkt. No. 16 at 1 n.1), the summons shows otherwise. (Dkt. Nos. 3, 10). Thus, Defendants' contention that there is insufficient process lacks merit.

Accordingly, the Court will exercise its discretion to extend the time within which Plaintiff can effectuate proper service of process.[6]

## IV.  CONCLUSION

For the reasons set forth above, the Court will deny Defendants' Motion to Dismiss without prejudice. The Court will also afford Plaintiff an additional sixty days, up to and including August 10, 2020, within which to properly serve Defendants. Failure to do so—within the time prescribed—may result in dismissal of the action.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 10, 2020                                      _____/s/_____
                                                                      WILMA A. LEWIS
                                                                      Chief Judge

---

[6] The Court notes that Plaintiff has cited only abrogated statute 26 U.S.C. § 556 as the basis for federal question jurisdiction, referring to the statute as "US Federal Tax Code 556." (Dkt Nos. 1, 1-2 at 1). This statute was repealed in 2004. *See* Section 413(d)(1) of Pub. L. 108-357 (stating that the repeal is applicable after December 31, 2004). While Plaintiff cannot rely on an abrogated statute for jurisdiction, this Court has jurisdiction to entertain a petition for re-determination of a tax deficiency pursuant to 28 U.S.C. §§ 6212 and 6213(a). Accordingly, the Court will consider that jurisdiction is premised on the appropriate statutory basis.